OPINION OF THE COURT
C. Raymond Radigan, J.
The within proceeding commenced by the guardian ad litem for infant petitioners is in the nature of a reverse discovery proceeding (SCPA 2105) and seeks to compel the executor of the estate of Rose T. McLaughlin to surrender to petitioners two bank accounts now in the possession of the fiduciary. Upon this proceeding a hearing was directed and the testimony and other proofs offered reveal the following facts which constitute the findings of the court.
Rose T. McLaughlin, who was widowed by the death of her husband in 1977, died on April 30, 1983. Petitioners, Kathleen and Shannon McLaughlin, are the issue of decedent. The estate consists of the subject bank accounts and decedent’s residence which is presently occupied by the infant petitioners. It is *818 estimated that the proceeds of sale of these premises will be insufficient to pay estate debts of about $100,000. The proceeds of the two bank accounts being the subject of this litigation were shown to be $21,915.81 and $19,189.88 as of May 1984. It is these accounts to which petitioners claim entitlement as custodial funds under the Uniform Gifts to Minor's Act (EPTL 7-4.1 et seq.). The history of these accounts is as follows.
In and about September of 1977 decedent opened a savings account in the form of a Totten trust naming petitioners as beneficiaries. In June of 1979 she withdrew $40,000 from this account (leaving $19,500 on deposit) and established two separate accounts under the Uniform Gifts to Minors Act, one for each of her two daughters. Decedent was the custodian of both accounts. Thereafter and on August 23, 1980, decedent closed both accounts and transferred the remaining balances to two separate accounts in joint names, each naming one of her daughters as a Totten trust beneficiary. These accounts continued in this form until decedent’s death. The joint tenant named with decedent does not make claim to these funds but rather has testified that the accounts were established for convenience only so as to facilitate withdrawals in the event Rose T. McLaughlin was unable to accomplish this herself. At this time, Rose T. McLaughlin was aware of her illness which ultimately took her life. It further appears without dispute that the cotenant, while employed in banking, did not advise decedent nor have knowledge of the custodial nature of the accounts which were held under the Uniform Gifts to Minors Act. While the circumstances that the estate is insolvent necessitates a determination as to ownership of these accounts, respondents have called no witnesses nor submitted other proofs to dispel the prima facie showing that the opening of the custodial accounts represents an inter vivas gift between decedent and her issue (Gordon v Gordon, 70 AD2d 86, affd 52 NY2d 773). Respondent County of Nassau’s claim in its brief that a donative intent was not present when these accounts were opened is not supported by the record. To this end the court further observes that it is satisfied from the proof offered that decedent was not rendered insolvent by the initial establishment of the custodial accounts in June of 1979.
It stands without question that a gift under the Uniform Gifts to Minors Act is irrevocable and indefensibly vests title in the donee (EPTL 7-4.3 [a]). The discretionary powers granted to the custodian (EPTL 7-4.4) do not authorize the dissipation of the minor’s interest in such property for the purpose of the return of the gift to the donor. Although not shrouded with any intimation of improper motive, the record herein points only to the *819 conclusion that the donor custodian wrongfully administered the custodial accounts by restructuring the same in the form of joint Totten trusts. Altering the infants’ interest to that of a tentative trust beneficiary was an unauthorized act which worked to deprive the infants of their proprietary interest without consideration and has subjected these funds to the claim of decedent’s creditors. The court is, therefore, satisfied that the funds remaining in these accounts are not estate assets nor within the reach of estate creditors (Debtor and Creditor Law § 273; cf. Matter of Granwell, 20 NY2d 91) whose claims arose well after the date of decedent’s absolute gifts to her issue in June, 1979.
The petition is accordingly granted and the order to be submitted on notice shall provide for the reestablishment of the subject accounts in custodial form subject to the designation of a successor custodian.